**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org

**SCHUCK LAW, LLC**
Attorneys at Law
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763
      Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **GENEVIVE REAGAN**, an individual, | Case No. 6:19-cv-00551 |
| **Plaintiff**, | **COMPLAINT** |
| v. | Unpaid Wages |
| **MANDY'S FAMILY RESTAURANT, LLC,** domestic limited liability company, dba Mandy's Family Restaurant, | JURY TRIAL DEMANDED |
| **Defendant**. | |

Plaintiff Genevive Reagan, by and through the attorneys at Schuck Law LLC, brings this complaint against defendant Mandy's Family Restaurant, LLC, Plaintiff alleges the following upon information and belief, or Plaintiff's personal knowledge:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to Section 6 of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b).

2. The Court has jurisdiction over Plaintiff's Oregon State law claims set for in this Complaint pursuant to 28 U.S.C. § 1367(a).  Both the Federal and State claims alleged herein arose from a common nucleus of operative facts.  The Oregon State claims are so related to the Federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## PARTIES

3. Defendant is a domestic limited liability company created under the laws of Oregon, with its principal place of business and primary operations in Oregon.

3. Plaintiff is an individual who resides in and is a citizen of Oregon.

4. Defendant hired Plaintiff in Oregon to perform work for Defendant in Oregon.

5. At all times, the employment of Plaintiff by Defendant was subject to Oregon's wage and hour laws.

6. The employment practices alleged herein were committed in the District of Oregon.

7. Defendant is subject to the FLSA.

8. Defendant is a restaurant.  Upon information and belief, Defendant utilizes interstate commerce to obtain its food for service to customers.

9. Upon information and belief, Defendant utilizes banking services to accept payment from customers and perform its business functions that are part of interstate commerce.

10. Plaintiff worked in a capacity for Defendant to serve food and take in money utilizing interstate commerce.

11. Defendant employed Plaintiff as an at-will employee and did not contract with Plaintiff to work for any specific period of time.

12. As part of Plaintiff's employment, Plaintiff was not subject to a collective bargaining agreement and/or part of a union.

13. During the course of Plaintiff's employment, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage, Liquidated Damages)

14. Plaintiff re-alleges all paragraphs herein as though fully alleged herein.

15. Defendant is subject to the requirements of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

16. During the two year period of employment before the filing of this case, Defendant allowed, suffered and permitted Plaintiff to perform work for the benefit of Defendant.

17. Plaintiff used Defendant's system to track the hours she worked for Defendant.

18. In Plaintiff's final pay period she performed work for Defendant but does not know how many hours.

19. Plaintiff worked not less than 5 hours during her final pay period.

20. Defendant paid no wages for Plaintiff's final pay period.

21. Defendant failed to pay Plaintiff at the then required minimum wage rate for all hours worked as required by the FLSA and there remains due unpaid minimum wages in an amount to be determined.

22. Defendant was required to pay Plaintiff's minimum wages for all hours worked on Plaintiff's next regularly scheduled pay day under the FLSA.

///

23. Defendant's conduct in failing to pay minimum wages as alleged herein was willful, and there remain due and unpaid overtime wages in amounts to be determined.

24. Plaintiff seeks damages in the form of minimum wages for Defendant's failure to pay all minimum wages in amounts to be determined. In addition, Plaintiff seeks liquidated damages under the FLSA in an amount to be determined; plus costs and attorney fees under the FLSA. 29 U.S.C. § 216(b). In addition, Plaintiff seeks pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

## SECOND CLAIM FOR RELIEF

(Unpaid Wages)

25. Plaintiff re-alleges all paragraphs as though fully alleged herein.

26. Defendant, as an employer in Oregon, is required to follow and comply with Oregon's wage and hour laws and regulations.

27. Plaintiff used Defendant's system to track the hours she worked.

28. Plaintiff was promised $10.75 per hour for her work.

29. In Plaintiff's final pay period she performed work for Defendant but does not know how many hours.

30. Defendant paid no wages for Plaintiff's final pay period.

31. All wages were due on payday under ORS 652.120.

32. Defendant texted Plaintiff that it would pay Plaintiff's final wages.

33. After not being paid, Plaintiff requested Defendant pay her final wages in writing.

34. On or about April 4, 2019, Plaintiff's attorney sent written notice of the wage claims to Defendant.

Page 4 - Complaint

SCHUCK LAW, LLC
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

35. Defendant failed to pay Plaintiff all wages as described above, and unpaid wages remain due to Plaintiff in an amount to be determined after discovery is complete. Plaintiff reserves the right to amend his Complaint to conform to the evidence at trial.

36. Defendant possessed all information regarding the hours worked by Plaintiff and the amount of wages due Plaintiff.

37. Defendant failed to provide a paycheck stub for the final pay period.

38. Because of Defendant's failure to make payment of Plaintiff's wages when due, Plaintiff is due unpaid wages in an amount to be determined.

39. Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

40. Plaintiff seeks unpaid wages unpaid wages in an amount to be determined, along with costs, disbursements and attorney fees, pursuant to ORS 652.200, plus pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

### THIRD CLAIM FOR RELIEF

(Late Payment at Termination)

41. Plaintiff re-alleges all paragraphs as though fully alleged herein.

42. Defendant failed to pay Plaintiff all wages as set out above, and wages remain due and owing to Plaintiff.

43. Defendant failed to make payment of all of Plaintiff's earned wages when due and when required by ORS 652.140.

///

44. In failing to fully and timely pay Plaintiff's wages at the end of employment, Defendant was a free agent.

45. In failing to fully and timely pay Plaintiff's wages at the end of employment, Defendant determined its own actions.

46. In failing to fully and timely pay Plaintiff's wages at the end of employment, Defendant was not responsible to, nor coerced by any other person, or entity, or authority.

47. Defendant knew when Plaintiff's employment for Defendant had ended.

48. Defendant possessed all information regarding the hours worked, miles driven by Plaintiff, and the amount of wages due Plaintiff at termination.

49. Defendant was capable of paying all Plaintiff's wages earned and due at termination.

50. Defendant's failure to make payment of Plaintiff's final wages when due was wilful and continued for not less than 30 days.

46. Plaintiff made written demand for payment of wages.

51. Plaintiff's attorney sent written notice of the wage claims to Defendant.

47. Because of Defendant's failure to make payment of final wages when due, Plaintiff is due statutory penalty wages in an amount of $2,580, pursuant to ORS 652.150, for the continuation of Plaintiff's unpaid final wages for not less than 30 days.

48. Because of Defendant's failure to pay Plaintiff's wages within 48 hours after they were due, Plaintiff is entitled to recover costs, disbursements, and reasonable attorney fees, pursuant to ORS 652.200.

///

///

49.     Plaintiff seeks his unpaid wage amounts; statutory wages pursuant to ORS 652.150; costs, disbursements and attorney fees pursuant to ORS 652.200; and pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**WHEREFORE**, Plaintiff demands judgment from Defendant:

**Upon Plaintiff's claim for relief for unpaid minimum wages**:

1. Unpaid wages minimum wages in an amount to be determined after discovery is complete.
2. Liquidated damages under the FLSA in an amount to be determined.
3. Costs and attorney fees under the FLSA. 29 U.S.C. § 216(b).
4. Pre- and post-judgment interest in the amount of 9% per annum incurred herein under ORS 82.010.

**Upon Plaintiff's claim for relief for unpaid wages**:

1. Unpaid wages in an amount to be determined after discovery is complete.
2. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.
3. Attorney fees, costs, and disbursements, pursuant to ORS 652.200.

**Upon Plaintiff's claim for relief for failing to timely pay all wages on termination**:

1. Unpaid wages in an amount to be determined after discovery is complete, but estimated at not less than $64.60.
2. Statutory penalties pursuant to ORS 652.150 in an amount to be determined after discovery is complete, but estimated at $2,580.00.

///

3. Pre- and post-judgment interest on all damage amounts in the amount of 9% per annum incurred herein, pursuant to ORS 82.010.

4. Costs, disbursements, and attorney fees pursuant to ORS 652.200.

**Upon any counterclaim or defense asserted by Defendant without a objectively reasonable basis, or where Defendant disobeys a court order**:

1. Plaintiff is entitled to recover attorney fees and costs pursuant to ORS 20.105.

DATED: April 12, 2019.   Schuck Law, LLC

   /s/ David A. Schuck
DAVID A. SCHUCK
OSB # 993564, WSB # 37285
(360) 566-9243
Attorney for Plaintiff